**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RAMIZBEK ABDIRAZZOK UGLI ADBURAKHMONOV, )<br><br>Petitioner, )<br><br>v. )<br><br>CHRIS GANTT, et al., )<br><br>Respondents. ) | Case No. CIV-26-1225-J |

**REPORT AND RECOMMENDATION**

Petitioner Ramizbek Abdirazzok Ugli Adburakhmonov, a citizen of Uzbekistan proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 9), Respondents timely filed a Response. (Doc. 12). Petitioner timely filed a Reply. (Doc. 13). As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and

---

[1] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Nationality Act ("INA").  The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.     Factual Background

Petitioner is a citizen of Uzbekistan who entered the United States without inspection on or about June 24, 2023.  (Doc. 1, at Ex. 1, at 1; Doc. 12, at 2).  On June 25, 2023, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled.  (Doc. 1, at Ex. 1).  On or about June 25, 2023, Petitioner was released from ICE custody pursuant to an Order of Release on Recognizance in accordance with 8 U.S.C. § 1226.  (Doc. 1, at 6; Doc. 12, at Ex. 1, at 1).  On March 30, 2026, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal.  (Doc. 1, at 7; Doc. 12, at 2).

On or about May 12, 2026, and subject to an administrative warrant, ICE re-detained Petitioner.  (Doc. 1, at 7; Doc. 12, at Ex. 3, at 1).  Petitioner asserts that he is not aware of "any completed cancellation of his prior release on recognizance or any meaningful individualized custody proceeding before his re-detention."  (Doc. 1, at 8).  Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A).  (Doc. 12, at 1 & n.2).  But Respondents also recognize that this matter is controlled by *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709 (10th Cir. Jun. 30, 2026).  (*Id.* at 1, 3).

An immigration judge ordered Petitioner's removal on July 14, 2026.  EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last

accessed July 27, 2026).  Petitioner has until August 13, 2026, to appeal.  *Id.*  Thus, his removal order is not administratively final.  8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    His detention is governed by 8 U.S.C. § 1226(a), not § 1225(b).  (Doc. 1, at 10-13).

2.    His continued detention without an individualized custody hearing violates due process.  (*Id*. at 13-14).

As relief Petitioner requests immediate release from custody or, alternatively, a "prompt constitutionally adequate custody hearing."  (*Id*. at 16-17).  Petitioner argues that such a bond hearing requires the government to bear the burden of proof of proving dangerousness by clear and convincing evidence and flight risk by preponderance of the evidence, or alternatively that the government prove either dangerousness or flight risk by clear and convincing evidence.  (*Id.*)  Petitioner additionally asserts the bond hearing must consider less restrictive alternatives to detention and the ability to pay bond.  (*Id.* at 17). Petitioner also requests an award of attorney fees and costs authorized by law.  (*Id.*)

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz*, 2026 WL 1876709, "compels a different outcome." (Doc. 12, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven

3

days." (*Id.*)  They specifically argue that Court should not reach the due process claim, (*id.* at 3-4), that a due process analysis favors Respondents, (*id.* at 4-6), and that the government should not bear the burden of proof in a bond hearing, (*id.* at 6-8).

In Reply, Petitioner urges the Court to reject Respondents' argument that Petitioner be required to carry the burden of proof at the bond hearing.  (Doc. 13, at 3-6).  He argues that "if the Court declines to decide the burden issue now, the order should grant habeas relief . . . without prejudging the burden issue in Respondent's favor."  (*Id.* at 6).

### III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Analysis

#### A.   Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[3] and

---

[3] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

"seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[4]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  2026 WL 1876709, at *5.  The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border.  Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at *7.  This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

That Petitioner has made an application for asylum does not render him "seeking admission" and thereby subject to § 1225(b)(2)(A).  This is because "a noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Santillan Quiroz*, 2026 WL 1876709, at *6.  But "those who

---

[4] The regulations accompanying the statute explain the various levels of review for a bond determination.  An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country" because "a person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* (citation modified). And while "a noncitizen can request legal status even after he has entered the United States unlawfully," "he cannot request admission after the fact." *Id.* Thus, Petitioner's post-entry attempt to seek legal status does not make detention proper under § 1225(b)(2)(A).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.

**B.      The Court Should Decline to Reach Due Process or Burden Shifting.**

"[U]nder current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The majority of Judges in this District have either (a) declined to reach the issue of whether due process requires the government, rather than the non-citizen, to carry the burden of

6

proving dangerousness or flight risk at a § 1226(a) bond hearing[5] and/or (b) determined

that due process does not require the burden to shift to the government.[6]  Acknowledging

these decisions and in the interests of judicial economy, the undersigned recommends that

the Court decline to address the issue.[7]

---

[5] *See e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026) (Judge Jones declining to address petitioner's due process claim and finding that the burden-shifting issue "is premature and not fit for adjudication at this stage"); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026) (same where no party objected to the recommendation for burden shifting); *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094, at *2 (W.D. Okla. July 2, 2026) (Chief Judge Palk declining, without comment, to adopt the recommendation for burden shifting); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (Judge DeGiusti "declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (Judge Russell "declin[ing] to specify or alter the burden of proof at this stage.") (citation omitted);

[6] *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Singh v. Mullin*, CIV 26-712-HE, Doc. 13, at 6 (W.D. Okla. June 18, 2026) ("[T]he court concludes petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

[7] The undersigned has routinely recommended reaching the issue of due process and ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence.  *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026).  In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to

7

## V.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**.  The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 3, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8]  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

---

prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

**ENTERED** this 27th day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE