**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAMIZBEK ABDIRAZZOK UGLI ADBURAKHMONOV, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1225-J |
| CHRIS GANTT, et al., | ) ) ) | |
| Respondents. | ) | |

## ORDER

Petitioner Ramizbek Abdirazzok Ugli Adburakhmonov, a citizen of Uzbekistan, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 14] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection [Doc. No. 15], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Uzbekistan who entered the United States without inspection on or about June 24, 2023. On June 25, 2023, ICE instituted removal proceedings against him through the issuance of a Notice to Appear, alleging he was an alien present in the United States who had not been admitted or paroled. On or about June 25, 2023, Petitioner was released from ICE custody pursuant to an Order of Release on Recognizance in accordance with 8 U.S.C. § 1226. On March

30, 2026, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. On or about May 12, 2026, ICE re-detained Petitioner pursuant to an administrative warrant. An immigration judge ordered Petitioner's removal on July 14, 2026, and Petitioner has until August 13, 2026 to appeal. Petitioner's removal order, therefore, is not administratively final.

Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) "is controlling in this case." Obj. at 1. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 14] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows: Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release Petitioner if he has not received a hearing within that period. Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 30th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

2